# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

In re

**BRANDON CHAD WYGAL**,

Debtor.

Case No. **13-60063-7**

## MEMORANDUM of DECISION

At Butte in said District this 11th day of April, 2013.

In this Chapter 7 bankruptcy, after due notice, a hearing was held April 9, 2013, in Butte on the Trustee's Objection to Claim of Exemption filed March 15, 2013. The Chapter 7 Trustee, Ross P. Richardson of Butte, Montana, appeared at the hearing in support of his Objection. Debtor Brandon Wygal appeared *pro se*, and in opposition to the Trustee's Objection. Debtor testified, and Exhibits 1 and 2 were admitted into evidence.

## BACKGROUND

Debtor filed a voluntary Chapter 7 bankruptcy petition on January 23, 2013, and claimed a $2,575.00 tool of the trade exemption in his 1998 Dodge Truck. Debtor owns a home in Boulder, Montana, valued by Debtor at $156,000.00. The home is encumbered by a lien in the approximate amount of $151,323.76. On Schedule B, Debtors lists, in addition to other assets, a 1999 Cadillac Deville, valued at $1,500.00 and under machinery, fixtures, equipment and supplies used in business, Debtor lists a 1998 Dodge work truck, hand tools, power tools, and two ladders, all valued at $2,900.00. On Schedule C, Debtor claims an exemption of $1,500.00 in the 1999 Cadillac under Mont. Code Ann. ("MCA") § 25-13-609(2) and, under MCA § 25-13-

1

609(3), claims an exemption of $2,575.00 in the 1998 Dodge Truck.

From 2005 to the present, Debtor has been self-employed as a paint contractor. Per his Statement of Financial Affairs, Debtor asserts he earned no gross income from employment or the operation of a business in either 2011 or 2012. As reflected on Schedule I, Debtor's sole source of income is $367.00 per month from "SNAP" benefits. Debtor's spouse is employed by a church and earns gross wages of $80.00 per month. Debtor lists average monthly expenses of $1,967.45 on Schedule J, leaving Debtor with negative monthly net income of $1,520.45.

Debtor testified that he purchased his 1998 Dodge truck in 2005 to use in his contracting business. Debtor fully depreciated the Dodge truck on Wygal Industries, Inc.'s tax returns. The Montana Secretary of State, on its website found at www.sos.mt.gov/business, discloses that Wygal Industries, Inc. was incorporated on March 8, 2005. The last annual report for Wygal Industries, Inc. was filed on April 8, 2010. Wygal Industries, Inc. was involuntary dissolved on December 1, 2011.

Debtor, in dire need of cash, sold his 1998 Dodge truck approximately one week after he filed his bankruptcy petition. Debtor sold the truck for $3,000.00. Debtor did not seek authorization from the Court to sell his truck.

The Trustee objects to Debtor's claimed tool of the trade exemption in the 1998 Dodge Truck arguing, based upon prior decisions of this Court, that exemptions in motor vehicles may only be claimed under the motor vehicle exemption found at MCA § 25-13-609(2), and not under the tool of the trade exemption found at MCA § 25-13-609(3). Debtor filed written opposition to the Trustee's objection on March 26, 2013, arguing a staff attorney from Montana Legal Services Association directed him to the Chapter 7 Bankruptcy Workbook, which disclosed that a "true

2

work vehicle," could be exempted as a tool of the trade.  Debtor claims that he used the Dodge truck in the course of his trade as a contractor while doing business as Wygal Industries, Inc., and that he depreciated and deducted all related expenses for the 1998 Dodge on his federal and state tax returns.  Debtor testified that he could not have performed his contracting business without the Dodge truck.  Debtor also testified that the Dodge truck was used solely in Debtor's business, and not for any personal use.

## APPLICABLE LAW and DISCUSSION

In the past, this Court has held generally that a motor vehicle cannot be exempted as a tool of the trade under MCA § 25-13-609(3).  *See In re Anderson,* 15 Mont. B.R. 389, 390 (Bankr. D.Mont. 1996) (recognizing that "a motor vehicle could be classed as exempt only under § 25-13-609(2), and not as a tool of the trade"); *In re Giese*, 8 Mont. B.R. 395, 398 (Bankr. D.Mont. 1990) (denying a tool of the trade exemption in a licensed motor vehicle because "licensed motor vehicles may only be exempted under subsection (2) of § 25-13-609"; and *In re Neutgens*, 7 Mont. B.R. 43, 45-46, 126 B.R. 91 (Bankr. D.Mont. 1989) (holding that trucks which were registered and titled with the State of Montana could "only be claimed as exempt under § 25-13-609(2)").

The Court agrees that the law may not be as black and white as stated in the above-cited decisions.  However, the facts in this case do not warrant revisiting this Court's prior precedent at this time.  This is so because, as disclosed on his Statement of Financial Affairs, Debtor has not generated any income from his contracting business for at least two years.  Consistent with Debtor's statement of financial affairs, the Montana Secretary of State's website shows Debtor's business entity, Wygal Industries, Inc., was dissolved in 2011.

Notwithstanding liberal construction of Montana exemption law, based upon the facts presented by this Debtor, the Court cannot conclude that Debtor was using his Dodge truck for business purposes at or near the time of his petition date. Sadly, the facts show that Debtor has not had any business operations for two years. Moreover, the Court cannot conclude that Debtor might again use the Dodge truck in the future for business purposes, because Debtor sold the truck only one week after filing his bankruptcy petition. While the Court does not like the result of this decision, the Court is, based upon the facts, precluded from reaching any other decision.

For the reasons discussed above, the Court will enter a separate order providing as follows:

IT IS ORDERED that the Trustee's Objection to Claim of Exemption filed March 15, 2013, is sustained; and Debtor's claimed tool of the trade exemption in the 1998 Dodge truck is denied.

BY THE COURT

/s/ Ralph B. Kirscher

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana